PASQUALE DELUCA *vs.* ANGELINE DELUCA.

JULY 2, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto and Baker.

Moss, J. This divorce case is before us solely on respondent's motion to dismiss petitioner's appeal from the final decree of the superior court granting an absolute divorce to the respondent.

The facts are undisputed. On May 15, 1944 the petitioner filed a petition for divorce from the respondent on the grounds of extreme cruelty and of wilful desertion. Thereafter the respondent filed a cross-petition for divorce on the ground of neglect to provide. On December 18, 1944 the case was heard on the merits by a justice of the superior court, who then rendered a decision granting the cross-petition and denying and dismissing the original petition. Apparently at that time an agreement was made between the parties according to which alimony was permanently waived in consideration of the disposition in a certain manner of the real estate in the town of Westerly belonging to the parties as tenants in common. He was to convey to her his interest therein and she was to pay him $4000. This agreement, as so made, was approved by the trial justice, who ordered that it be incorporated in the interlocutory decree based on his decision, which was done. On November 13, 1945 a final decree was entered, the provisions thereof being substantially the same as those in the interlocutory decree based on the decision.

On November 16, 1945 the respondent filed in the superior court a petition praying that the petitioner be adjudged in contempt for failure to comply with the final decree. This petition was continued *nisi*. On that same day, the petitioner, through another attorney, filed in that court a claim and reasons of appeal from the final decree, alleging in substance that such decree and the findings of fact therein were contrary to the law and the evidence; that the court had abused its discretion; and that such decree was erroneous and should be reversed. After the case reached this court the respondent moved that the petitioner's appeal from the final decree of the superior court be dismissed on the ground that such a decree in a divorce case will not be reviewed by this court on an appeal therefrom. This motion is the only matter now before us for determination.

In *Fidler* v. *Fidler*, 28 R. I. 102, this court fully considered the question whether an appeal from a final decree in a di-

vorce case could properly be filéd and it then definitely held that it could not. That decision has been consistently followed in later cases. See *Thrift* v. *Thrift*, 30 R. I. 357; *Bajakian* v. *Bajakian*, 57 R. I. 470, 474; *Sullivan* v. *Sullivan*, 68 R. I. 25, 27. There is nothing in the instant case to take it out of this now well-established rule.

The respondent's motion to dismiss the petitioner's appeal is therefore granted; that appeal is dismissed, and the case is remitted to the superior court for further proceedings.

*Louis B. Cappuccio, Clarence E. Roche,* for petitioner.

*Thomas J. Capalbo,* for respondent.